IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICKIE THOMAS,**

    **Plaintiff,**                              No.   3:13-cv-01069-DRH-PMF

**vs.**

**HILLCREST, DAVIDSON AND ASSOCIATES, LLC.,**
    **Defendants.**

### ORDER

**HERNDON, District Judge:**

Presently before the Court is the plaintiff's motion for issuance of a Writ of Body Attachment for the President of Defendant, HILLCREST, DAVIDSON AND ASSOCIATES, LLC. The plaintiff's request for the issuance of a Body Attachment Order is predicated on the defendant's ongoing failure to comply with this Court's orders and its failure to demonstrate to this Court why it should not be held in Contempt. Specifically, the Court notes the following:

- On October 14, 2013, plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"). (Doc. No. 1). The

Summons and Complaint were served on Defendant in Richardson, Texas. (Doc. No. 6). Defendant failed to answer the Complaint.

- On March 17, 2014, this Court entered a Judgment in favor of plaintiff and awarded Plaintiff $7,165.00 in statutory damages, actual damages, attorney's fees and costs. (Doc. No. 13). Defendant failed to pay the Judgment.

- On April 1, 2014, plaintiff served defendant with Post-Judgment Discovery, seeking information about defendant's income and assets in order to facilitate the enforcement of the Judgment entered by this Court. Defendant failed to respond to the aforementioned discovery requests.

- As a result of defendant's failure to respond to the aforementioned discovery requests, on July 10, 2014, this Court entered an order compelling Defendant to respond to Plaintiff's Post-Judgment Discovery. (Doc. No. 15). Despite this Order, defendant failed to respond to the aforementioned discovery and failed to pay the Judgment.

- On August 13, 2014, plaintiff filed his Motion to Show Cause. (Doc. No. 16).

- On October 6, 2014, this Court granted Plaintiff's Motion to Show Cause and ordered Defendant to show cause as to why it should not be found in contempt for failure to comply with the Court's July 10, 2014. (Doc. No. 17). Defendant has not shown cause why it should not be found in contempt.

- On December 18, 2014, plaintiff filed the present motion for body attachment. The defendant has not responded to the present motion.

The Court has given the defendant numerous opportunities to comply or respond to the orders of this Court, to no avail. Despite these many opportunities, the defendant remains in defiance of the Orders of this Court. The plaintiff now moves for this Court to enter a finding of civil contempt and issue a Writ of Body Attachment so as to coerce the defendant into appearing and complying.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal punctuation and citation omitted). The plaintiff has demonstrated by clear and convincing evidence that the defendant is in contempt of this Court's orders.

Because the plaintiff has met its burden of showing that the defendant is in contempt of this Court's orders, the defendant has the burden of demonstrating an inability to pay. *See In re Resource Tech. Corp.,* 624 F.3d 376, 386 (7th Cir. 2010). The defendant has not met this burden (indeed the defendant has not even responded to the Court's Show Cause Order or to the present motion for Body Attachment). Moreover, the Court "*does* have the power to imprison a recalcitrant litigant for contempt." *Herbstein v. Bruetman,* 241 F.3d 586, 589 (7th Cir. 2001).

The Court finds the defendant in civil contempt of this Court's Order dated March 17, 2014, directing the defendant to pay the plaintiff $7,165.00 in

statutory damages, actual damages, attorney's fees and costs. Further, the defendant has failed to comply with or respond to this Court's Orders dated July 10, 2014 and October 6, 2014. The defendant has failed to assert the defense of inability to comply with this Court's March 17, 2014 Order or to respond in any way to matters presently before the Court.

Accordingly, **IT IS ORDERED** that the motion for a writ of body attachment is as to **KEITH BURKETT**, **PRESIDENT OF DEFENDANT**, is **GRANTED**.

The United States Marshal for the Southern District of Illinois or for any district in which the Keith Burkett may be found, and their deputies, are directed to arrest Keith Burkett and to keep him in the custody of the Attorney General of the United States until a United States district or magistrate judge certifies to this Court that the defendant has fully complied with this Court's Order dated March 17, 2014, directing the defendant to pay the plaintiff $7,165.00 or that the defendant has clearly demonstrated that he is unable to comply. To effectuate this order, the United States Marshal is authorized to use necessary and reasonable force in entering and searching the premises in which Keith Burkett may be found. Upon arrest, the United States Marshal shall provide Keith Burkett with a copy of this order and bring him immediately before a United States district or magistrate judge in the district or districts in which they have been taken into custody.

**FURTHER**, the Court **DIRECTS** the **Clerk of the Court** to file an arrest warrant consistent with the terms of this Order and to deliver the appropriate number of copies to the United States Marshal.

**IT IS SO ORDERED.**

Signed this 26th day of May 2015.

*David R Herndon*

Digitally signed by
David R. Herndon
Date: 2015.05.26
16:22:58 -05'00'

**United States District Court**